## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| IN RE: GLYBURIDE CASES | |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-GL-27240<br>DIRECT CASE: 16-GL-27241 |
| *ALL GLYBURIDE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |

### ANSWER AND ADDITIONAL DEFENSES OF CITRON PHARMA LLC TO THE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Citron Pharma LLC ("Citron"), by and through its undersigned attorneys, hereby answers and sets forth additional defenses to Consolidated Direct Purchaser Class Action Complaint (the "Complaint").

Except as otherwise expressly stated below, Citron denies knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint that are directed toward other Defendants or parties identified herein with which Citron is not affiliated and, on that basis, denies those allegations.

Citron responds to the unnumbered and unnumbered paragraphs of the Complaint as follows:

### FIRST DEFENSE

### I.       INTRODUCTION

1.       The allegations in Paragraph 1 purport to describe the action and do not constitute averments of fact and therefore no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 1, except admits only that it sold Glyburide.

2.      Citron denies the allegations in Paragraph 2.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

3.      The allegations in Paragraph 3 purport to describe the action and do not constitute averments of fact and therefore no response is required.  To the extent a response is required, Citron admits only that Plaintiffs purport to bring claims against all Defendants under Section 1 of the Sherman Act.  Citron otherwise denies the allegations contained in Paragraph 3 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

4.      Citron admits only that there are ongoing government investigations.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.      Citron admits the allegations in Paragraph 5.

6.      Citron denies the allegations in Paragraph 6, except admits only that Glyburide has been available in the United States for decades.

7.      With regard to Plaintiffs' use of the term "Class Period," Citron denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.[1] Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks sufficient information to admit or deny the remaining allegations as to the conduct of other Defendants in Paragraph 7 and, on that basis, denies those allegations.

---

[1]      Citron incorporates this denial in response to all other references to the "Class Period" in the Complaint.

8.      Citron admits that certain federal and state regulators have conducted inquiries into the pricing of certain generic pharmaceuticals.  Citron also admits that the DOJ has empaneled a grand jury in the Eastern District of Pennsylvania, which has issued subpoenas related to the pricing of generic pharmaceuticals, and that Citron has received one or more subpoenas.  Citron denies it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies those allegations.

9.      Citron denies the allegations in Paragraph 9 to the extent they paraphrase, characterize, or selectively quote from a letter and press release by the National Community Pharmacists Association, which are in writing and speak for themselves.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, on that basis, denies those allegations.

10.     Citron admits only that the Department of Justice filed complaints in the cases Nos. 2:16-cr-00506-RB and 2:16-cr-00508-RBS in the United States District Court for the Eastern District of Pennsylvania, and refers to those complaints and associated dockets for their contents.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, denies those allegations.

11.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies those allegations.

12.     Citron admits that DOJ has publicly stated that its investigation overlaps with at least some of the drugs at issue in MDL 2724.  Citron also admits that the DOJ filed a motion for a stay of discovery in MDL 2724.  Citron denies the remaining allegations in Paragraph 12 to the

extent they paraphrase, selectively quote from, or characterize the DOJ's motion for a stay of discovery, which is in writing and speaks for itself.

13.     Citron admits that certain state attorneys general, led by the State of Connecticut, sued Aurobindo, Citron, Heritage, and Teva.  Citron denies the remaining allegations in Paragraph 13 to the extent they paraphrase, selectively quote from, or characterize the complaints filed by the state attorneys general and amendments to those complaints, which are in writing and speak for themselves.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, on that basis, denies those allegations.

14.     Citron denies the allegations in Paragraph 14 to the extent they paraphrase, selectively quote from, or characterize a SEC filing by Pfizer Inc., which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, on that basis, denies those allegations.

15.     The allegations in Paragraph 15 purport to summarize this Complaint and do not constitute averments of facts, and therefore no response is required.  To the extent a response is required, Citron denies the allegations and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

16.     Citron denies the allegations in Paragraph 16 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

17.     The allegations in Paragraph 17 are a statement of the relief that Plaintiffs seek in this Complaint and do not constitute averments of fact, and therefore no response is required.  To the extent a response is required, Citron admits that Plaintiffs purport to seek damages but denies

that Citron violated the Sherman Act, denies that Plaintiffs or any purported class are entitled to damages, and denies the remaining allegations in Paragraph 17.

## II.     JURISDICTION AND VENUE

18.     Citron admits only that this Court has jurisdiction over the subject matter of this action.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

19.     Citron admits only that venue is proper in this District as to Citron.  Citron otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, denies those allegations.

20.     Citron admits only that its sold Glyburide for a limited period of time between August 2014 and November 2015 and that it sold other generic pharmaceuticals during the alleged Class Period until about December 2016, when Citron was acquired by another company and ceased all pharmaceutical sales.  Citron lacks sufficient information to admit or deny the remaining allegations in Paragraph 20 and, on that basis, denies those allegations.

21.     Citron admits only that it is subject to personal jurisdiction in this Court for purposes of this action.  Citron denies the remaining allegations in Paragraph 21 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

## III.     PARTIES

22.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 22 and, on that basis, denies those allegations. Citron denies that Ahold USA, Inc. purchased Glyburide directly from Citron in or after August 2014.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and all of the allegations in the third sentence of

Paragraph 22 and, on that basis, denies those allegations.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

23. Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23 and, on that basis, denies those allegations. Citron denies that César Castillo, Inc. purchased Glyburide directly from Citron in or after August 2014.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and all of the allegations in the third sentence of Paragraph 23 and, on that basis, denies those allegations.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

24. Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24 and, on that basis, denies those allegations. Citron denies that FWK Holdings, LLC purchased Glyburide directly from Citron in or after August 2014.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and all of the allegations in the third sentence of Paragraph 24 and, on that basis, denies those allegations.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

25. Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 and, on that basis, denies those allegations. Citron denies that KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. purchased Glyburide directly from Citron in or after August 2014.  Citron lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in the second sentence and all of the allegations in the third sentence of Paragraph 25 and, on that basis, denies those allegations. Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

26.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26 and, on that basis, denies those allegations. Citron denies that Rochester Drug Co-Operative, Inc. purchased Glyburide directly from Citron in or after August 2014.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence and all of the allegations in the third sentence of Paragraph 26 and, on that basis, denies those allegations.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

27.     Citron admits only that Aurobindo manufactured and supplied the Glyburide products sold by Citron.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, on that basis, denies those allegations.

28.     Citron admits that it is a New Jersey corporation with its principal place of business in New Jersey and that in December 2016 Aceto Corporation acquired its generic pharmaceuticals portfolio and related assets.  Citron admits that it sold Glyburide for a limited period of time between August 2014 and November 2015, but denies that it sold Glyburide throughout the entire alleged Class Period or to purchasers throughout the entire United States.

29.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies those allegations.

30.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies those allegations.

31.     Citron denies the allegations in Paragraph 31 and specifically denies that it, or any of its officers, agents, employees, or representatives, participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of other Defendants in Paragraph 31 and, on that basis, denies those allegations.

32.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act, with any person, firm, entity, or corporation, whether named or unnamed.  Citron lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, denies those allegations.

33.     The allegations in Paragraph 33 concern Plaintiffs' possible future intentions to amend the complaint and do not constitute averments of facts and therefore no response is required.  To the extent a response is required, Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act, with any person, firm, entity, or corporation, whether named or unnamed, and denies that Plaintiffs should be able to amend this Complaint in the future to include allegations related to additional purported co-conspirators.

34.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act, with any person, firm, entity, or corporation, whether named or unnamed.  Citron lacks sufficient knowledge to form a belief as

to the truth of the remaining allegations in Paragraph 34 and, on that basis, denies those allegations.

35.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act, with any person, firm, entity, or corporation, whether named or unnamed.  Citron further denies that its officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Citron's affairs, participated in or ordered others to participate in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks sufficient knowledge to form a belief as to the truth of the remaining allegations as to the conduct of others in Paragraph 35 and, on that basis, denies those allegations.

36.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act, with any person, firm, entity, or corporation, whether named or unnamed.  Citron further denies that its officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Citron's affairs, participated in or ordered others to participate in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks sufficient knowledge to form a belief as to the truth of the remaining allegations as to the conduct of others in Paragraph 36 and, on that basis, denies those allegations.

## IV.     INTERSTATE TRADE AND COMMERCE

37.     Citron admits only that it previously offered Glyburide products in the United States for a limited period of time, but denies that it currently does so.  Citron denies that it ever manufactured Glyburide.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of other Defendants in Paragraph 37 and, on that basis, denies those allegations.

38.     Citron admits only that the Glyburide products that it sold were produced by another manufacturer.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to other Defendants in Paragraph 38 and, on that basis, denies those allegations.

39.     Citron admits only that it sold Glyburide in the United States for a limited period of time between August 2014 and November 2015, but denies that it sold Glyburide throughout the entire alleged Class Period or to purchasers throughout the entire United States.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to the conduct of other Defendants in Paragraph 39 and, on that basis, denies those allegations.

40.     The allegations in Paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 40 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 41 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

42.     The allegations in Paragraph 42 contain legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 42 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

43.     The allegations in Paragraph 43 contain legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 43 and

specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

## V.    FACTUAL ALLEGATIONS

44.    Citron denies the allegations in Paragraph 44 to the extent they paraphrase, characterize, or selectively quote from an FDA publication, which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, on that basis, denies those allegations.

45.    Citron denies the allegations in Paragraph 45 to the extent they paraphrase, characterize, or selectively quote the Hatch-Waxman Act and its legislative history, which are in writing and which speak for themselves.  Citron denies the remaining allegations in Paragraph 45.

46.    Paragraph 46 contains legal conclusions concerning the FDA's process for obtaining marketing approval for a generic pharmaceuticals and therefore no response is required.  To the extent a response is required, Citron admits only that the averments in Paragraph 46 are general descriptions of the process for obtaining market approval from the FDA for a generic pharmaceutical.

47.    Citron admits only that all FDA-approved generic versions of brand name drugs are equivalent to the same reference listed drugs from a safety and efficacy standpoint.  Citron denies the remaining allegations in Paragraph 47.

48.    Citron denies the allegations in Paragraph 48 to the extent they paraphrase, characterize, or selectively quote from economic literature or the legislative history of the Hatch Waxman Act, which are in writing and which speak for themselves.  Citron denies the allegations in the second, third, and fourth sentences of Paragraph 48.  Citron lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, on that basis, denies those allegations.

49.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies those allegations.

50.     Citron denies the allegations in Paragraph 50 to the extent that they paraphrase, characterize, or selectively quote from an FTC study, which is a writing and speaks for itself. Citron denies the remaining allegations in Paragraph 50.

51.     Citron denies the allegations in Paragraph 51 to the extent that they paraphrase, characterize, or selectively quote from a Generic Pharmaceutical Association study, which is a writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, on that basis, denies those allegations.

52.     Citron lacks knowledge or information sufficient to form a belief about what "[o]rdinarily" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 52 and, on that basis, denies those allegations.  Citron admits that prescription drug pricing for certain customers is not determined between the retailer and the consumer.  Citron further admits that because certain consumers' prescription drug purchases are reimbursed by health plans, pricing for those consumers' prescription drugs may be determined by reimbursement agreements between prescription drug payers and pharmacies.  Citron denies the remaining allegations in Paragraph 52.

53.     Citron lacks knowledge or information sufficient to form a belief about what "typically" or "generally" occurs to form a belief as to the truth of the allegations in the first, third, and forth sentences of Paragraph 53 and, on that basis, denies those allegations.  Citron

admits that WAC prices represent a manufacturer's reported list price.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 12 to Paragraph 53 and, on that basis, denies those allegations.  Citron denies the remaining allegations in Paragraph 53.

54.     Citron admits the allegations in the first sentence of Paragraph 54.  Citron denies the allegations in the second sentence of Paragraph 54.  Citron denies the allegations in Paragraph 54 and footnote 14 to the extent they paraphrase, characterize, or selectively quote from Academy of Managed Care Pharmacy and National Community Pharmacists Association publications, which are in writing and which speak for themselves.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, on that basis, denies those allegations.

55.     Citron admits that PBMs usually do not disclose publicly their MAC pricing or the basis for their MAC pricing, but Citron lacks knowledge or information sufficient to form a belief about what "is believed" to be the basis for MAC pricing to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 55 and, on that basis, denies those allegations.  Citron denies the allegations in the second and third sentences in Paragraph 55 to the extent that they paraphrase, characterize, or selectively quote from Academy of Managed Care Pharmacy, National Community Pharmacists Association, and Express Scripts publications, which are in writing and which speak for themselves.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, on that basis, denies those allegations.

56.     Citron admits, upon information and belief, that MAC pricing may not be transparent.  Citron denies the remaining allegations in Paragraph 56 to the extent that they

paraphrase, characterize, or selectively quote from an article from the Academy of Managed Care Pharmacy, which is in writing and which speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, on that basis, denies those allegations.

57.     Citron denies the allegations in Paragraph 57.

58.     Citron denies the allegations in Paragraph 58 to the extent that they paraphrase, characterize, or selectively quote from an Express Scripts article, which is in writing and which speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and, on that basis, denies those allegations.

59.     Citron denies it conspired, combined, or contracted to fix, raise, maintain, or stabilized prices, rig bids, or engage in market and customer allocation for Glyburide and otherwise denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the conduct of other Defendants in Paragraph 59 and, on that basis, denies those allegations.

60.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it participated in discussions at meetings or industry events, including but not limited to meetings or events sponsored by the referenced associations, in furtherance of any alleged unlawful conspiracy, agreement, or anticompetitive scheme.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and, on that basis, denies those allegations.

61.     Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it participated in any of the "anticompetitive activities" alleged in Paragraph 61.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and, on that basis, denies those allegations.

62.     Citron denies the allegations in Paragraph 62 as to conduct by Citron and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, denies those allegations.

63.     Citron denies the allegations in Paragraph 63 as to conduct by Citron and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, denies those allegations.

64.     Citron denies the allegations in Paragraph 64 to the extent that they paraphrase, characterize, or selectively quote from a Policy and Regulatory Report publication or a press release from the Connecticut Attorney General, both of which are in writing and which speak for themselves.  Citron otherwise denies the allegations in Paragraph 64.

65.     Citron admits only that it was a member of certain trade associations and that certain of its employees attended events hosted by trade associations.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it used its membership in any trade

association or attendance at industry events to facilitate any improper communication or implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and, on that basis, denies those allegations.

66.     Citron denies the allegations in Paragraph 66 to the extent that they paraphrase, characterize, or selectively quote from an archived version of the GPhA's website, which is in writing and which speaks for itself.  Citron denies the remaining allegations in Paragraph 66.

67.     Citron denies the allegations in Paragraph 67 to the extent that they paraphrase, characterize, or selectively quote from an archived version of the GPhA's website, which is in writing and which speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and, on that basis, denies those allegations.

68.     Citron denies that it attended GPhA meetings.  Citron lacks knowledge or information sufficient to form a belief as to the truth of whether other Defendants belonged to GPhA or attended such meetings and, on that basis, denies those allegations.  Citron denies the allegations in the second sentence of Paragraph 68 to the extent they paraphrase, characterize, or selectively quote from an archived version of the GPhA's website, which is in writing and speaks for itself.

69.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies those allegations.

70.     Citron admits that NACDS is a national trade association, that NACDS holds events and conferences, and that certain of its employees attended certain NACDS events.

Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies those allegations.

71.     Citron admits only that HDMA (now HDA) is a national trade association, that HDMA holds events and conferences, and that Citron was an HDMA member.  Citron denies the allegations in Paragraph 71 to the extent they paraphrase, characterize, or selectively quote from HDA's website, which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, on that basis, denies those allegations.

72.     Citron denies the allegations in Paragraph 72 to the extent they paraphrase, characterize, or selectively quote from MMCAP's website, which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and, on that basis, denies those allegations.

73.     Citron denies the allegations in Paragraph 73 to the extent they paraphrase, characterize, or selectively quote from MMCAP's Charter, which is in writing and speaks for itself.  Citron otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, denies those allegations.

74.     Citron denies the allegations in Paragraph 74 to the extent they paraphrase, characterize, or selectively quote from ECRM's website, which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, on that basis, denies those allegations.

75.     Citron admits the allegations in Paragraph 75.

76.     Citron admits only that certain of its employees attended certain of ECRM's Efficient Program Planning Sessions.  Citron lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 76 and, on that basis, denies those allegations.

77.     Citron admits only that certain of its employees attended certain events hosted by HDMA, NACDS, MMCAP, and ECRM.  Citron denies that its employees attended GPhA events.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and, on that basis, denies those allegations.

78.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, denies those allegations.

79.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies those allegations.

80.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, denies those allegations.

81.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, denies those allegations.

82.     Citron denies that any of its employees attended the June 2-5, 2013 HDMA conference.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remained allegations in Paragraph 82 and, on that basis, denies those allegations.

83.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, denies those allegations.

84.     Citron denies that any of its employees attended the August 10-13, 2013, NACDS conference.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, on that basis, denies those allegations.

85.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, denies those allegations.

86.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, denies those allegations.

87.     Citron admits only that Laura Short and Karen Strelau attended ECRM's February 23-26, 2014 meeting in Amelia Island, Florida.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, on that basis, denies those allegations.

88.     Citron only admits that Vimal Kavuru, Laura Short, and Karen Strelau attended NACDS's 2014 annual meeting. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, on that basis, denies those allegations.

89.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies those allegations.

90.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, on that basis, denies those allegations.

91.     Citron admits only that Laura Short and Karen Strelau attended HDMA's 2014 Business Leadership Conference. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, on that basis, denies those allegations.

92.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies those allegations.

93.     Citron admits only that Vimal Kavuru, Laura Short, and Karen Strelau attended NACDS's 2014 Total Store Expo. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, on that basis, denies those allegations.

94.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies those allegations.

95.     Citron admits only that certain of its employees attended ECRM's 2015 Retail Pharmacy Efficient Program Planning Session, NACDS's 2015 Annual Meeting, HDMA's 2015 BLC, NACDS's 2015 Total Store Expo, NACDS's 2016 Annual Meeting, HDMA's 2016 BLC, and NACDS's 2016 Total Store Expo.  Citron denies that it attended any of the other trade association meetings, conferences, and events identified in Paragraph 95.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, on that basis, denies those allegations.

96.     Citron admits only that certain of its employees attended social events in connection with industry conferences and trade shows.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it used these social events as opportunities to facilitate any improper communication or implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation concerning other Defendants' conduct in Paragraph 96 and, on that basis, denies those allegations.

97.     Citron admits only that certain of its employees attended dinners and other social events in connection with industry conferences and trade shows.  Citron denies that it

participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it used these social events as opportunities to facilitate any improper communication or implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation concerning other Defendants' conduct in Paragraph 97 and, on that basis, denies those allegations.

98.     Citron admits only that it is headquartered in New Jersey.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that its location vis-à-vis competitor generic pharmaceutical manufacturers or sellers provided opportunities for improper communication or to implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation concerning other Defendants' conduct in Paragraph 98 and, on that basis, denies those allegations.

99.     Citron admits only that certain of its women employees attended dinners, meetings, and social events with other women employees in the generic pharmaceutical industry. Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that it used these social events as opportunities to facilitate any improper communication or implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and, on that basis, denies those allegations.

100.     Citron denies the allegations in Paragraph 100 as to Citron and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 and, on that basis, denies those allegations.

101.     Citron denies the allegations in Paragraph 101 as to Citron and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and, on that basis, denies those allegations.

102.     Citron denies the allegations in Paragraph 102 as to Citron and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies those allegations.

103.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, on that basis, denies those allegations.  Citron specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

104.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies those allegations.

105.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies those allegations.

106.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies those allegations.

107.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies those allegations.

108.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies those allegations.

109.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies those allegations.

110.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies those allegations.

111.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies those allegations.

112.     Citron admits only that it entered the Glyburide market in 2014 and that it had a manufacturing relationship with Aurobindo.  Citron denies the allegations in Paragraph 112 to the extent they paraphrase, characterizes, or selectively quotes from written communications, which are in writing and speak for themselves.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that its employees had any improper communication with Heritage employees in order to implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 and, on that basis, denies those allegations.

113.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies those allegations.

114.     The allegations in Paragraph 114 do not constitute averments of fact and therefore no response is required.  To the extent a response is required, Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act with respect to Glyburide or other generic drugs.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, on that basis, denies those allegations.

115.     Citron denies the allegations in Paragraph 115 to the extent they paraphrase, characterize, or selectively quote from written communications, which are in writing and speak for themselves.  Citron denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act and specifically denies that its employees had any improper communication with Heritage employees in order to implement any unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 and, on that basis, denies those allegations.

116.     Citron denies the allegation in Paragraph 116 to the extent they paraphrase, characterize, or selectively quote from correspondence from the NCPA to the United States HELP Committee and the United State Energy and Commerce Committee, which is in writing and speaks for itself.  Citron otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, on that basis, denies those allegations.

117.     Citron denies the allegations in Paragraph 117 and footnote 32 to the extent that they paraphrase, characterize, or selectively quote from correspondence and/or a press release

from Senator Bernie Sanders, which are in writing and speak for themselves.  Citron otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, denies those allegations.

118.    Citron denies the allegations in Paragraph 118 to the extent they paraphrase, characterize, or selectively quote from a press release by Senator Sanders and Representative Cummings, which is in writing and which speaks for itself.  To the extent a response is required, Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, denies those allegations.

119.    Citron denies the allegation in Paragraph 119 to the extent they paraphrase, characterize, or selectively quote from correspondence exchanged between Senator Sanders and Representative Cummings and the OIG, which is in writing and speaks for itself.  To the extent a response is required, Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, on that basis, denies those allegations.

120.    Citron admits only that the DOJ opened a criminal investigation into alleged collusion into the generic pharmaceutical industry and that the DOJ empaneled a grand jury in the Eastern District of Pennsylvania.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 and, on that basis, denies those allegations.

121.    Citron admits that Glazer and Malek of Heritage have entered federal guilty pleas. Citron denies the allegations in Paragraph 121 to the extent they paraphrase, characterize, or selectively quote from news reports related to the DOJ's investigation, which are in writing and speak for themselves.  Citron otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 121 and, on that basis, denies those allegations.

122.    The allegations in Paragraph 122 are Plaintiffs' characterizations of the DOJ's investigation and do not constitute averments of fact, and therefore no response is required.  To the extent a response is required, Citron admits only that the DOJ executed a search warrant and served a subpoena upon Citron.  Citron otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and, on that basis, denies those allegations.

123.    Citron denies the allegation in Paragraph 123 to the extent they paraphrase, characterize, or selectively quote from SEC disclosures filed by Aceto, which are in writing and speak for themselves.

124.    Citron denies the allegations in Paragraph 124 to the extent they paraphrase, characterize, or selectively quote from an SEC disclosure filed by Teva, which is in writing and which speaks for itself.

125.    Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, on that basis, denies those allegations.

126.    Citron denies the allegations in Paragraph 126 to the extent they paraphrase, characterize, or selectively quote from the DOJ's Antitrust Manual, which is in writing and speaks for itself.

127.    Citron denies the allegations in Paragraph 127 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

128.    Citron denies the allegations in Paragraph 128 to the extent they paraphrase, characterize, or selectively quote from an article and the DOJ's leniency program guidance, which are in writing and speak for themselves.  Citron otherwise denies the remaining allegations in Paragraph 128.

129.    Citron denies the allegations in Paragraph 129 to the extent they paraphrase, characterize, or selectively quote from two criminal complaints, which are in writing and speak for themselves.  Citron otherwise admits that Glazer and Malek have been charged by the DOJ.

130.    Citron denies the allegations in Paragraph 130 to the extent they paraphrase, characterize, or selectively quote from a plea hearing transcript, which is in writing and speaks for itself.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and, on that basis, denies those allegations.

131.    Citron admits only that the DOJ has intervened in MDL 2724 and other civil antitrust actions.  Citron denies the remaining allegations in Paragraph 131 to the extent they paraphrase, characterize, or selectively quote from a hearing transcript, brief, and motion in MDL 2724, which are in writing and speak for themselves.

132.    Citron denies the allegations in Paragraph 132 to the extent they paraphrase, characterize, or selectively quote from the DOJ's Spring 2017 Division Update, which are in writing and speak for themselves.

133.    Citron denies the allegations in Paragraph 133 to the extent they paraphrase, characterize, or selectively quote from the State AGs' complaint and a news article, which are in writing and speak for themselves.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on that basis, denies those allegations.

134.     Citron denies the allegations in Paragraph 134 to the extent they paraphrase, characterize, or selectively quote from a press release from the Connecticut Attorney General, which is in writing and speaks for itself.

135.     Citron denies the allegations in Paragraph 135 to the extent they paraphrase, characterize, or selectively quote from filings with the United States Judicial Panel on Multidistrict Litigation, which are in writing and speak for themselves.  Citron otherwise denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme. Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and, on that basis, denies those allegations.

136.     Citron denies the allegations in Paragraph 136 to the extent they paraphrase, characterize, or selectively quote from a news article containing statements by W. Joseph Nielson, which is in writing and speaks for itself.  Citron denies the allegations in Paragraph 136 as to Citron and denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and, on that basis, denies those allegations.

137.     Citron denies the allegations in Paragraph 137 to the extent they paraphrase, characterize, or selectively quote from a press release from the New York AG, which is in writing and speaks for itself.  Citron otherwise denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

138.     Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies those allegations.

## VI.    THE GLYBURIDE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

139.    The allegations in Paragraph 139 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 139 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

140.    The allegations in Paragraph 140 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 140 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

141.    The allegations in Paragraph 141 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 141 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

## VII.    CLASS ACTION ALLEGATIONS

142.    The allegations in Paragraph 142 purport to describe the action and do not constitute averments of facts, and therefore no response is required.  To the extent a response is required, Citron denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.

143.    The allegations in Paragraph 143 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 143.

144.    The allegations in Paragraph 144 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 144.

145.    The allegations in Paragraph 145 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 146.

147.    The allegations in Paragraph 147 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 are legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are legal conclusions to which no response is required.  To the extent a response is required, Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies those allegations.

## VIII.   ANTITRUST INJURY

151.    Citron denies that any of the named Plaintiffs purchased Glyburide directly from Citron and further denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.  Citron lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 concerning the conduct of other Defendants or purchases by other potential class members and, on that basis, denies those allegations.  The allegations in the second sentence of Paragraph 151 are legal conclusions, to which no response is required.  To the extent a response is required, Citron denies those allegations.

152.    Citron denies the allegations in Paragraph 152 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

153.     Citron denies the allegations in Paragraph 153 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

154.     Citron denies the allegations in Paragraph 154 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

## IX.     CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

155.     Citron incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

156.     The averments in Paragraph 156 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 156 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

157.     The averments in Paragraph 157 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 157 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

158.     Citron denies the allegations in Paragraph 158 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

159.     The averments in Paragraph 159 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 159 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

160.    The averments in Paragraph 160 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 160 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

161.    The averments in Paragraph 161 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 161 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act.

162.    The averments in Paragraph 162 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 162 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act

163.    The averments in Paragraph 163 constitute legal conclusions to which no response is required.  To the extent a response is required, Citron denies the allegations in Paragraph 163 and specifically denies that it participated in any alleged unlawful conspiracy, agreement, or anticompetitive scheme in violation of the Sherman Act

## X.    PRAYER FOR RELIEF

ANSWER TO PRAYER FOR RELIEF:  Citron denies the allegations contained in Plaintiffs' Prayer for Relief, including subparts A-F, and denies that Plaintiffs are entitled to any relief.

## XI.    JURY TRIAL DEMANDED

ANSWER TO JURY TRIAL DEMANDED:  The jury trial demand does not constitute an averment of fact, and therefore no response is required.

## ADDITIONAL DEFENSES

Citron reserves the right to assert any and all applicable defenses to Plaintiffs' claims. Citron has not yet obtained adequate discovery from Plaintiffs, the other Defendants, or others in connection with this action, and Citron therefore reserves the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c)(1), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, Citron states as follows:

### FIRST ADDITIONAL DEFENSE

Plaintiffs fail to state a claim against Citron upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Citron's alleged conduct did not unreasonably restrain trade and was lawful, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of Citron's independent and legitimate business and economic justifications.

### THIRD ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they have not suffered any actual, cognizable antitrust injury or injuries.

### FOURTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred because they failed to mitigate any injuries or damages allegedly sustained.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes lack standing to bring or maintain this action against Citron.

## SIXTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because their alleged damages, if any, are too speculative or remote, and because of the impossibility of the proof and allocation of those alleged damages.

## SEVENTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs' claims are not properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH ADDITIONAL DEFENSE

Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

## NINTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by the statute of limitations and/or the doctrines of laches, estoppel, waiver, and/or unclean hands.

## TENTH ADDITIONAL DEFENSE

Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions by Citron and/or were caused, if at all, solely by the conduct of third

parties, including without limitation the prior intervening or superseding conduct of such third parties.

## ELEVENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by the reason of the ratification of, or acquiescence, agreement, or consent to the conduct of Citron by Plaintiffs and/or others claimed to be members of the alleged class or classes.

## TWELFTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, because to the extent that any employee or agent of Citron engaged in any unlawful act or omission, which Citron expressly denies, any such act or omission would have been committed by individuals acting *ultra vires*.

## THIRTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred, because Plaintiffs have failed to plead conspiracy with particularity, as required by the applicable rules, doctrines, and case law.

## FOURTEENTH ADDITIONAL DEFENSE

The claims of Plaintiffs and others claimed to be members of the alleged class or classes are barred to the extent that they did not purchase Glyburide directly from Citron or any of the other Defendants.

## FIFTEENTH ADDITIONAL DEFENSE

The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against Citron.

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of Citron did not substantially lessen competition in any properly defined market.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any award of treble damages or punitive or exemplary damages against Citron based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

## NINETEENTH ADDITIONAL DEFENSE

To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

## TWENTIETH ADDITIONAL DEFENSE

Citron adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent Citron may share in such defense.

WHEREFORE, Citron respectfully requests that judgment be entered dismissing the Complaint in its entirety and that this Court grant Citron an award of its costs and disbursements together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 15, 2019                                    Respectfully submitted,

*/s/ Steven E. Bizar*
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
steven.bizar@dechert.com
john.mcclam@dechert.com
tiffany.engsell@dechert.com

*Counsel for Defendant Citron Pharma LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2019, a true and correct copy of the foregoing Answer to the Consolidated Direct Purchaser Class Action Complaint was filed electronically and is available for downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF system.

*/s/ John P. McClam*
John P. McClam
