# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724<br><br>HON. CYNTHIA M. RUFE |
| IN RE: GLYBURIDE CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL GLYBURIDE DIRECT PURCHASER ACTIONS* | LEAD CASE: 16-GL-27240<br>DIRECT CASE: 16-GL-27241<br><br>JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA USA, INC.; CITRON PHARMA, LLC; HERITAGE PHARMACEUTICALS, INC.; and TEVA PHARMACEUTICALS USA, INC.,<br><br>          Defendants. | |

## DEFENDANT AUROBINDO PHARMA USA, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO THE
## CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Aurobindo Pharm USA, Inc. ("Aurobindo") states the following as its Answer and Defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint").  Any allegation in the Complaint not explicitly responded to in this Answer, including any allegation made in the Complaint's headings or sub-headings, is hereby denied.

## I.    INTRODUCTION[1]

1.    Aurobindo admits that it sold Glyburide and that Plaintiffs purport to bring this action on behalf of themselves and "all others similarly situated."  Aurobindo denies the remaining allegations in Paragraph 1.

2.    Denied.

3.    Aurobindo admits this is a civil action seeking damages.  Aurobindo denies the remaining allegations in Paragraph 3.

4.    Aurobindo lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, denies them.

5.    Admitted.

6.    Aurobindo admits that generic Glyburide has been available in the United States for decades.  Aurobindo denies the remaining allegations in Paragraph 6.

7.    Denied.

8.    Aurobindo admits that certain federal and state regulators have conducted inquiries into the pricing of certain generic pharmaceuticals.  Aurobindo further admits that a grand jury has been empaneled in the Eastern District of Pennsylvania.  Aurobindo denies any

---

[1] The headings contained in this Answer reflect the headings in the Complaint. They are included in the Answer for organizational purposes only, and their content has not been adopted by Aurobindo.

DM1\9360118.6

characterization in the allegations in this paragraph that it has engaged in price-fixing or anticompetitive conduct related to Glyburide or any other pharmaceutical drug.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8, and, on that basis, denies them.

9.      The NCPA news release is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 9.

10.      The charging documents filed by the DOJ against Jeffrey Glazer and Jason Malek are written documents, the contents of which speak for themselves.  Aurobindo admits that Glazer and Malek pleaded guilty to the charges.  The Plea Agreement is a written document, the contents of which speak for themselves. Aurobindo denies the remaining allegations in Paragraph 10.

11.      Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, denies them.

12.      Aurobindo admits the DOJ filed a motion seeking a stay of discovery in MDL 2724, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 12.

13.      Aurobindo admits that several state attorneys general have filed complaints against Defendants, the contents of which speak for themselves.  The articles cited in footnotes 5 and 6 are written documents, the contents of which speak for themselves.  Aurobindo denies remaining allegations in Paragraph 13.

14.      Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 14, and, on that basis, denies them.  Pfizer Inc.'s SEC filings are written documents, the contents of which speak for themselves.

DM1\9360118.6

15.     The Complaint is a writing that speaks for itself.  Aurobindo denies the remaining allegations in this paragraph to the extent they attempt to the characterize the allegations in the Complaint.

16.     Denied.

17.     The Complaint is a writing that speaks for itself.  Aurobindo denies the remaining allegations in this paragraph to the extent they attempt to characterize the allegations in the Complaint.

## II.     JURISDICTION AND VENUE

18.     The allegations in Paragraph 18 are legal conclusions for which no response is required. To the extent a response is required, Aurobindo denies the allegations.

19.     The allegations in Paragraph 19 are legal conclusions for which no response is required.  To the extent a response is required, Aurobindo denies the allegations.

20.     Aurobindo admits that is sold Glyburide in the United States.  Aurobindo denies the remaining allegations in Paragraph 20.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required.  To the extent that a response is required, Aurobindo admits it sold Glyburide in the United States.  Aurobindo denies the remaining allegations in Paragraph 21 and denies that it was engaged in any alleged conspiracy.

## III.     PARTIES

**A.     Plaintiffs**

22.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 22, and, on that basis, denies them. Aurobindo denies the allegations in the last sentence of Paragraph 22.

DM1\9360118.6

23.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 23, and, on that basis, denies them. Aurobindo denies the allegations in the last sentence of Paragraph 23.

24.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first three sentences of Paragraph 24, and, on that basis, denies them. Aurobindo denies the allegations in the last sentence of Paragraph 24.

25.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first three sentences of Paragraph 25, and, on that basis, denies them.  Aurobindo denies the allegations in the last sentence of Paragraph 25.

26.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 26, and, on that basis, denies them. Aurobindo denies the allegations in the last sentence of Paragraph 26.

**B.      Defendants**

27.     Aurobindo admits it is a Delaware corporation with its principal place of business in East Windsor, New Jersey.  Aurobindo denies the remaining allegations in Paragraph 27.

28.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and, on that basis, denies them.

29.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, denies them.

30.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, denies them.

31.     Denied.

**C.      Co-Conspirators**

32.     Denied.

DM1\9360118.6

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

## IV.     INTERSTATE TRADE AND COMMERCE

37.     Aurobindo admits that it manufactures and supplies Glyburide in the United States.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and, on that basis, denies them.

38.     Aurobindo admits that it produces Glyburide in the United States or overseas. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38, and, on that basis, denies them.

39.     The allegations in Paragraph 39 contain legal conclusions or arguments that require no response. To the extent a response is required, Aurobindo admits that it sells Glyburide in the United States.  Aurobindo denies the remaining allegations in Paragraph 39.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## V.     FACTUAL ALLEGATIONS

**A.     The Generic Drug Market Is a Commodities Market, Where Competition Historically Has Been Keen.**

**1.     Generic drugs should lead to lower prices.**

44.     The contents of the FDA's website speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 44.

45.     Aurobindo admits the "Hatch-Waxman Act" is enacted legislation that regulates the generic pharmaceutical industry, the contents of the legislation speak for themselves. Aurobindo denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 contains legal conclusions concerning the FDA's process for obtaining marketing approval for a generic pharmaceuticals and therefore no response is required. To the extent a response is required, Aurobindo admits only that the averments in Paragraph 46 are general descriptions of the process for obtaining market approval from the FDA for a generic pharmaceutical.

47.     Aurobindo admits that generic versions of brand name drugs are equivalent to the same reference listed drug from a safety and efficacy standpoint.  Aurobindo denies the remaining allegation in Paragraph 47.

48.     Denied.

49.     Denied.

50.     The Federal Trade Commission study is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 50.

51.     The GPhA study is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 51.

**2.      Prescription drug prices in the United States are governed by institutional safeguards, which are intended to keep drug prices competitive.**

52.     Denied.

53.     Aurobindo admits that WAC prices represent a manufacturer's list price. Aurobindo lacks sufficient knowledge or information as to the truth of the remaining allegations in Paragraph 53, and, on that basis, denies them.

DM1\9360118.6

54.     Aurobindo admits that a Maximum Allowable Cost ("MAC") pricing exists in the generic pharmaceutical industry.  Aurobindo denies the remaining allegations in Paragraph 54.

55.     The Express Scripts and Academy of Managed Care Pharmacy articles are written documents, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 55.

56.     Aurobindo admits that MAC pricing may not be transparent.  The National Community Pharmacists Association and the Academy of Managed Care Pharmacy articles are written documents, the contents of which speak for themselves. Aurobindo lacks sufficient knowledge or information as to the truth of the remaining allegations in Paragraph 56, and, on that basis, denies them.

57.     Denied.

58.     The Express Scripts publication is a written document, the contents of which speak for themselves. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58, and, on that basis, denies them.

**B.     Defendants Orchestrated Their Conspiracy Through In-Person Meetings and Other Forms of Communication.**

59.     Denied.

**1.     Defendants' conspiracy was furthered by discussions held at meetings and industry events.**

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     The publications cited in footnotes 23 and 24 are written documents, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 64.

8

65. Denied.

66. The contents of the GPhA website speak for themselves. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66, and, on that basis, denies them.

67. The contents of the GPhA website speak for themselves. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 67, and, on that basis, denies them.

68. Aurobindo admits it was previously a GPhA member. The contents of the GPhA website speak for themselves. Aurobindo denies the remaining allegations in Paragraph 68.

69. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, denies them.

70. Aurobindo admits that the NACDS is a national trade association. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70, and, on that basis, denies them.

71. The contents of the HDA website speak for themselves. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71, and, on that basis, denies them.

72. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and, on that basis, denies them.

73. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and, on that basis, denies them.

74. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74, and, on that basis, denies them.

DM1\9360118.6

75.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and, on that basis, denies them.

76.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, and, on that basis, denies them.

77.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, and, on that basis, denied them.

78.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and, on that basis, denies them.

79.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and, on that basis, denies them.

80.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80, and, on that basis, denies them.

81.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81, and, on that basis, denies them.

82.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82, and, on that basis, denies them.

83.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and, on that basis, denies them.

84.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and, on that basis, denies them.

85.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, and, on that basis, denies them.

DM1\9360118.6

86.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and, on that basis, denies them.

87.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87, and, on that basis, denies them.

88.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, and, on that basis, denies them.

89.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89, and, on that basis, denies them.

90.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and, on that basis, denies them.

91.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and, on that basis, denies them.

92.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and, on that basis, denies them.

93.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93, and, on that basis, denies them.

94.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94, and, on that basis, denies them.

95.     Aurobindo admits that MMCAP held a meeting in Minnesota on April 10-14, and that at least one Aurobindo employee registered to attend that meeting. Aurobindo admits that NACDS held a meeting in Palm Beach, Florida on April 16-19, 2016 and that at least one Aurobindo employee registered to attend that meeting.  Aurobindo admits that NACDS held a meeting in Boston, Massachusetts on August 6-9, 2016 and that at least one Aurobindo employee

DM1\9360118.6

registered to attend that meeting. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95, and, on that basis, denies them.

96.    Denied.

97.    Denied.

98.    Aurobindo admits that it is headquartered in New Jersey.  Aurobindo denies the remaining allegations in Paragraph 98.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

**2.    Defendants' specific anticompetitive communications and activities.**

103.    Denied.

104.    Aurobindo admits that it manufactured and sold Glyburide in April 2014. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104, and, on that basis, denies them.

105.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105, and, on that basis, denies them.

106.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and, on that basis, denies them

107.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107, and, on that basis, denies them

108.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108, and, on that basis, denies them

109.    Aurobindo denies that it agreed to coordinate pricing and other strategies related to Glyburide with competitors. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109, and, on that basis, denies them.

110.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110, and, on that basis, denies them.

111.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and, on that basis, denies them.

112.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112, and, on that basis, denies them.

113.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and, on that basis, denies them.

114.    Aurobindo denies that it engaged in anticompetitive conduct concerning Glyburide and other generic drugs. Aurobindo further denies the remaining allegations in Paragraph 114.

115.    Aurobindo denies that any conspiracy existed concerning Glyburide and other generic drugs.  Aurobindo further denies that it consciously avoided using emails or other forms of communications.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115, and, on that basis, denies them.

C.    **Defendants' Conduct in Generic Drug Pricing Is Under Investigation by the United States Congress, the DOJ, and the State Attorneys General.**

1.    **Congress launched an investigation in response to news reports of a dramatic rise in price of certain generic drugs.**

116.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116, and, on that basis, denies them.

DM1\9360118.6

117.    The press release referenced in footnote 31 is a written document, the contents of which speak for themselves.  Aurobindo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117, and, on that basis, denies them.

118.    The press release cited in footnote 32 is a written document, the contents of which speak for themselves.  Aurobindo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118, and, on that basis, denies them.

119.    Senator Sanders and Representative Cummings' letter to the OIG is a written document, the contents of which speak for themselves.  The OIG's response letter is a written document, the contents of which speak for themselves.  Aurobindo lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 119, and, on that basis, denies them.

**2.      The DOJ launched a broad criminal investigation into anticompetitive conduct by generic drug manufacturers.**

120.    Aurobindo admits only that the DOJ empaneled a grand jury in this District. Aurobindo is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 120, and, on that basis, denies them.

121.    The two referenced publications are written documents, the contents of which speak for themselves.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 121, and, on that basis, denies them.

122.    Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122, and, on that basis, denies them.

DM1\9360118.6

123.     Aceto's SEC filing is a written document, the contents of which speak for themselves. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 123, and, on that basis, denies them.

124.     Teva's SEC filing is a written document, the contents of which speak for themselves.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124, and, on that basis, denies them.

125.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125, and, on that basis, denies them.

126.     The DOJ Antitrust Division Manual is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 126.

127.     Denied.

128.     The publication cited in footnote 45 is a written document, the contents of which speak for themselves.  The contents of the DOJ's website speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 128.

129.     The charges filed by the DOJ against Glazer and Malek are written documents, the contents of which speak for themselves.  Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 129, and, on that basis, denies them.

130.     Aurobindo admits that Paragraph 130 purports to summarize allegations against Glazer and Malek, the contents of such allegations speak for themselves.  Aurobindo further admits that Glazer and Malek pleaded guilty and that the transcript from Glazer's plea hearing is a written document, the contents of which speak for themselves. Aurobindo lacks sufficient

15

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 130, and, on that basis, denies them.

131.    Aurobindo admits that the DOJ has intervened in MDL 2724.  Aurobindo further admits that the DOJ filed a motion for a stay of discovery in MDL 2724, the contents of such motion speak for themselves.  Aurobindo also admits that Paragraph 131 purports to quote an S.D.N.Y. transcript as well as a DOJ brief filed with the J.P.M.L., the contents of each speak for themselves. Aurobindo denies the remaining allegations in Paragraph 131.

132.    The DOJ's Spring 2017 Division Update is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 132.

**3.      Led by the State of Connecticut, 45 attorneys general launched their own investigation of antitrust violations in the generic drug industry.**

133.    Aurobindo admits the State AGs filed a Complaint, the contents of which speak for themselves. The publication cited in footnotes 51 and 52 of Paragraph 133 is a written document, the contents of which speak for themselves. Aurobindo denies the remaining allegations in Paragraph 133.

134.    The CTAG press release is a written document, the contents of which speak for themselves. Aurobindo denies the remaining allegations in Paragraph 134.

135.    The State AG filings are written documents, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 135.

136.    The publication cited in footnote 55 is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 136.

137.    The New York AG Press Release is a written document, the contents of which speak for themselves.  Aurobindo denies the remaining allegations in Paragraph 137.

DM1\9360118.6

138.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138, and, on that basis, denies them.

## VI.    THE GLYBURIDE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

139.     Denied.

140.     Denied.

141.     Denied.

## VII.    CLASS ACTION ALLEGATIONS

142.     Aurobindo admits that Plaintiffs purport to bring this action on behalf of a Class, as alleged in Paragraph 142.  Aurobindo denies that Plaintiffs meet the requirements for a class action under Federal Rule of Civil Procedure 23.

143.     Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is required, Aurobindo denies the allegations in Paragraph 143.

144.     Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Aurobindo denies the allegations in Paragraph 144.

145.     Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Aurobindo denies the allegations in Paragraph 145.

146.     Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146, and, on that basis, denies them.

147.     Paragraph 147 contains legal conclusions to which no response is required.  To the extent a response is required, Aurobindo denies the allegations in Paragraph 147.

148.     Paragraph 148 contains legal conclusions to which no response is required.  To the extent a response is required, Aurobindo denies the allegations in Paragraph 148.

149.     Paragraph 149 contains legal conclusions to which no response is required.  To the extent a response is required, Aurobindo denies the allegations in Paragraph 149.

DM1\9360118.6

150.    Paragraph 150 contains legal conclusions to which no response is required.  To the extent a response is required, Aurobindo denies the allegations in Paragraph 150.

## VIII.   ANTITRUST INJURY

151.    Aurobindo lacks sufficient knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 151, and, on that basis, denies them.  Aurobindo denies the remaining allegations in Paragraph 151.

152.    Denied.

153.    Denied.

154.    Denied.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

155.    Aurobindo incorporates by reference its responses to each preceding and succeeding paragraph as though fully set forth herein.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

## X.    RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Aurobindo denies all factual allegations in Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to relief against it.

DM1\9360118.6

## XI.    RESPONSE TO PLAINTIFFS' JURY TRIAL DEMANDED

Aurobindo admits that Plaintiffs have demanded a trial by jury.

### AFFIRMATIVE DEFENSES

Aurobindo alleges as additional and/or affirmative defenses the following:

1.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

3.    Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

4.    The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against Aurobindo.

5.    Plaintiffs' claims are barred in whole or in part because the acts or omissions of Aurobindo did not substantially lessen competition in any properly defined market.

6.    Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Aurobindo had no control.  The acts of such third parties constitute intervening or superseding causes.

7.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

8.    Plaintiffs' claims are barred, in whole or in part, because some or all Plaintiffs lack Article III standing to bring such claims.

DM1\9360118.6

9.      Plaintiffs' claims are barred in whole or in part because some or all Plaintiffs have not sustained cognizable antitrust injury attributable to Aurobindo's conduct and/or Plaintiffs' alleged injury is too remote and as a result some or all Plaintiffs lack antitrust standing.

10.     Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

11.     Plaintiffs' claims are barred in whole or in part because any award of treble damages or punitive or exemplary damages against Aurobindo based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

12.     Plaintiffs' claims are barred in whole or in part because Plaintiffs did not suffer damages.

13.     Plaintiffs' claims are barred in whole or in part because, to the extent Plaintiffs suffered damages, the damages are difficult to ascertain or are too speculative.

14.     To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

15.     Aurobindo incorporates by reference any defenses applicable to it that are asserted by any other Defendant to the Complaint as if set forth fully herein.

16.     Aurobindo reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

DM1\9360118.6

Dated: March 15, 2019                    Respectfully Submitted,


                                         **DUANE MORRIS LLP**

                                         Wayne A. Mack
                                         Sean P. McConnell
                                         Sarah O. Kulik
                                         Daniel Selznick
                                         30 S. 17th Street
                                         Philadelphia, PA 19103
                                         (215) 979-1000
                                         wamack@duanemorris.com
                                         spmcconnell@duanemorris.com
                                         sckulik@duanemorris.com
                                         dgselznick@duanemorris.com

                                         *Attorneys for Defendant Aurobindo*
                                         *Pharma USA, Inc*

DM1\9360118.6

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, a true and correct copy of Defendant Aurobindo

Pharma USA, Inc.'s Answers and Affirmative Defenses to the Glyburide Consolidated Direct

Purchaser Complaint was electronically filed and served on all counsel of record via ECF.

Wayne A. Mack