**PUBLIC FILING WITH REDACTIONS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL NO. 2724**<br>**16-MD-2724**<br><br>**HON. CYNTHIA M. RUFE** |
| THIS DOCUMENT RELATES TO:<br><br>*ALL GLYBURIDE DIRECT PURCHASER ACTIONS* | **LEAD CASE:  16-GL-27240**<br>**DIRECT CASE:  16-GL-27241** |
| AHOLD USA, INC.; CESAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a/ KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA USA, INC.; CITRON PHARMA, LLC; HERITAGE PHARMACEUTICALS, INC.; and TEVA PHARMACEUTICALS USA, INC.,<br><br>                        Defendants. | |

## ANSWER OF DEFENDANT HERITAGE PHARMACEUTICALS INC. TO
## CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Heritage Pharmaceuticals Inc. ("Heritage"), by and through its undersigned counsel, hereby answers Plaintiffs' Consolidated Direct Purchaser Class Action Complaint (Dkts. 49 [redacted], 50 [unredacted]) (August 15, 2017) (the "Complaint") in the above-captioned action as follows:

## **<u>GENERAL DENIAL</u>**

Except as expressly admitted, Heritage denies each and every factual allegation contained in the Complaint.  Furthermore, Heritage denies all allegations contained in the Complaint to the extent that they assert or suggest, individually or collectively, that Heritage is liable to Plaintiffs or the putative class or any proposed member thereof.

In addition, the Complaint contains headings, some of which characterize certain actions or events.  Because they are not set forth in numbered paragraphs, the headings are not properly pleaded facts that require a response.  To the extent that any headings contain factual allegations that require a response, Heritage denies the allegations set forth therein.

The Complaint also contains footnotes.  Heritage treats footnotes as being contained in the numbered Paragraph in which they appear, and Heritage's response to a numbered Paragraph in the Complaint includes, to the extent necessary, its response to any footnotes that appear in that numbered Paragraph.

Heritage avers that, by filing this Answer, Heritage does not waive, and hereby expressly preserves, all defenses, notwithstanding any other order of this Court.

Additionally, the Complaint contains numerous legal arguments and conclusions as to which no response is required.  Heritage's Answer responds only to the Complaint's factual allegations.

**PUBLIC FILING WITH REDACTIONS**

## SPECIFIC RESPONSES

1.      To the extent that Paragraph 1 asserts legal conclusions, no response is required.

To the extent Paragraph 1 contains factual allegations requiring a response, Heritage denies the

allegations, except that it admits that Plaintiffs purport to assert the action to which Paragraph 1

refers and that Plaintiffs purport to use the term "Defendant" or "Defendants" throughout the

Complaint to refer to all the defendants named specifically in the Complaint.  Heritage denies

that all Plaintiffs purchased glyburide 1.25, 2.5, or 5 mg tablets ("Glyburide") directly from

Heritage, denies knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations concerning other parties, denies that the lawsuit has any merit, denies the

assertion that the case may proceed as a class action, and denies that the class definition is

appropriate.

2.      To the extent that Paragraph 2 asserts legal conclusions, no response is required.

Heritage admits that the entry of generic versions of branded drugs often reduces prices, but

denies that the allegations contained in Paragraph 2 present a complete, fair, and accurate

description of the matters described therein.  To the extent that Paragraph 2 contains factual

allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 2,

except that it denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations concerning other parties.

3.      To the extent that Paragraph 3 asserts legal conclusions, no response is required.

Heritage admits that Plaintiffs purport to bring civil claims under Section 1 of the Sherman Act,

15 U.S.C. § 1 and purport to seek treble damages.  To the extent that Paragraph 3 contains

additional factual allegations about Heritage that require a response, Heritage denies the

allegations in Paragraph 3, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

4.      To the extent that Paragraph 4 asserts legal conclusions, no response is required. To the extent that Paragraph 4 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 4, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

5.      Heritage admits that Glyburide is a medication for the treatment of diabetes.  To the extent that Paragraph 5 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 5.

6.      To the extent that Paragraph 6 asserts legal conclusions, no response is required. Heritage admits that Glyburide has been available in the United States for at least a decade.  To the extent that Paragraph 6 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 6, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

7.      To the extent that Paragraph 7 asserts legal conclusions, no response is required. Heritage admits that the Generic Pharmaceutical Association ("GPhA"), the Healthcare Distribution Management Association ("HDMA"), the Minnesota Multistate Contracting Alliance for Pharmacy ("MMCAP"), the National Association of Chain Drug Stores ("NACDS"), Efficient Collaborative Retail Marketing ("ECRM"), and the National Pharmacy Forum ("NPF") are industry trade associations.  Heritage admits the existence of the publication referenced in footnote 1, and Heritage refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 7 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in

Paragraph 7, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

8.      To the extent that Paragraph 8 asserts legal conclusions, no response is required. Heritage admits to the existence of investigations concerning the generic pharmaceutical industry by the Department of Justice's Antitrust Division and certain state attorneys general.  Heritage admits that it has been reported that in October 2014, Senator Bernie Sanders and Representative Elijah E. Cummings wrote to certain generic drug companies requesting information about prices of generic drugs.  Heritage admits that it received a letter from Senator Bernie Sanders and Representative Elijah E. Cummings in October 2014 concerning a Doxycycline Hyclate product that Heritage did not manufacture or sell.  Heritage admits that former Heritage executives Jeffrey Glazer and Jason Malek pleaded guilty to two felony charges, including one concerning Glyburide, and Heritage refers to the text of their plea agreements, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 8 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 8, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

9.      To the extent that Paragraph 9 asserts legal conclusions, no response is required. Heritage admits that the National Community Pharmacists Association published the correspondence referenced in footnote 2, and Heritage refers to that published correspondence, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 9 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 9, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**PUBLIC FILING WITH REDACTIONS**

10.     Heritage admits that DOJ filed criminal informations against former Heritage executives Jeffrey Glazer and Jason Malek on December 12, 2016 and December 13, 2016, respectively, in the United States District Court for the Eastern District of Pennsylvania, and Heritage refers to the text of those documents, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that Glazer and Malek pleaded guilty to two felony charges, including one concerning Glyburide, and Heritage refers to the text of their plea agreements that are cited in footnote 3, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 10 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 10, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

11.     Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12.     Heritage admits that DOJ filed a motion to stay discovery referenced in footnote 4, and Heritage refers to that motion, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 12 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 12, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

13.     Heritage admits that a coalition of state attorneys general has sued Heritage and other generic pharmaceutical companies.  Heritage refers to the complaints filed by those state attorneys general, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that it has been reported that Glazer and Malek entered into settlement

**PUBLIC FILING WITH REDACTIONS**

agreements with the state attorneys general, and Heritage refers to those agreements, which would speak for themselves, for a complete and accurate account of their contents.  Heritage admits that Connecticut Attorney General George Jepsen made a statement that the article referenced in footnote 6 purports to quote, and Heritage refers to that article, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 13 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 13, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

14.     Heritage admits that Pfizer issued the SEC filing referenced in Paragraph 14, and Heritage refers to that filing, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 14 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 14, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

15.     Heritage admits that the Complaint alleges that Heritage employees communicated with employees at Teva, Aurobindo, and Citron between April and June 2014, and that the Complaint alleges that these communications resulted in an agreement among Teva, Citron, and Aurobindo to increase prices for Glyburide by approximately 200%.  Where the Complaint makes specific factual allegations concerning the alleged conduct, Heritage responds in the specific numbered paragraphs.

16.     To the extent that Paragraph 16 asserts legal conclusions, no response is required. To the extent that Paragraph 16 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 16, except that it denies knowledge or

**PUBLIC FILING WITH REDACTIONS**

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

17.     Paragraph 17 sets forth legal conclusions to which no response is required.  To the extent that Paragraph 17 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 17, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

18.     To the extent that Paragraph 18 asserts legal conclusions, no response is required. Heritage admits that Plaintiffs purport to assert claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and seek to recover alleged damages.  Heritage denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 sets forth legal conclusions to which no response is required.  To the extent that Paragraph 19 contains factual allegations about Heritage that require a response, Heritage admits that it transacted business in the United States, including within this District.  To the extent that Paragraph 19 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 19, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

20.     Paragraph 20 asserts legal conclusions to which no response is required.  Heritage does not contest personal jurisdiction within this District and thus, for purposes of this action, admits that it transacted business within this District.  To the extent that Paragraph 20 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 20, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

PUBLIC FILING WITH REDACTIONS

21.     Paragraph 21 asserts legal conclusions to which no response is required.  Heritage admits that this Court has personal jurisdiction over Heritage.  Heritage admits that it participated in the sale of Glyburide in the United States.  To the extent that Paragraph 21 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 21, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

22.     To the extent that Paragraph 22 asserts legal conclusions, no response is required. Heritage denies that Ahold purchased Glyburide from Heritage during the putative Class Period. To the extent that Paragraph 22 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 22, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

23.     To the extent that Paragraph 23 asserts legal conclusions, no response is required. Heritage denies that CCI purchased Glyburide from Heritage during the putative Class Period. To the extent that Paragraph 23 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 23, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

24.     To the extent that Paragraph 24 asserts legal conclusions, no response is required. Heritage admits that Frank W. Kerr Company purchased Glyburide from Heritage during the putative Class Period.  To the extent that Paragraph 24 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 24, except

that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

25.     To the extent that Paragraph 25 asserts legal conclusions, no response is required. Heritage admits that Kinney Drugs, Inc. purchased Glyburide from Heritage during the putative Class Period.  To the extent that Paragraph 25 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 25, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

26.     To the extent that Paragraph 26 asserts legal conclusions, no response is required. Heritage denies that RDC purchased Glyburide from Heritage during the putative Class Period. To the extent that Paragraph 26 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 26, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

27.     To the extent that Paragraph 27 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

28.     To the extent that Paragraph 28 asserts legal conclusions, no response is required. Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

29.     Heritage admits that it is a Delaware corporation; that its principal place of business at the time this action was filed was Eatontown, New Jersey; and that it is an indirect subsidiary of Emcure Pharmaceuticals Limited, which is a pharmaceutical company based in

**PUBLIC FILING WITH REDACTIONS**

India.  Heritage admits that it sold Glyburide in this District and in other places in the United

States.  To the extent that Paragraph 29 contains additional factual allegations about Heritage

that require a response, Heritage denies those allegations.

30.    To the extent that Paragraph 30 asserts legal conclusions, no response is required.

Heritage is without knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations concerning other parties.

31.    Paragraph 31 asserts legal conclusions that do not require a response.  To the

extent that Paragraph 31 contains factual allegations about Heritage that require a response,

Heritage denies the allegations in Paragraph 31, except that it denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

32.    Paragraph 32 asserts legal conclusions that do not require a response.  To the

extent that Paragraph 32 contains factual allegations about Heritage that require a response,

Heritage denies the allegations in Paragraph 32, except that it denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations concerning other parties

33.    To the extent that Paragraph 33 asserts legal conclusions, no response is required.

To the extent that Paragraph 33 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 33, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.  Heritage further reserves the right to object to further amendments to the Complaint.

34.    Paragraph 34 asserts legal conclusions that do not require a response.  To the

extent that Paragraph 34 contains factual allegations about Heritage that require a response,

Heritage denies the allegations in Paragraph 34, except that it denies knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

35.     Paragraph 35 asserts legal conclusions that do not require a response.  To the
extent that Paragraph 35 contains factual allegations about Heritage that require a response,
Heritage denies the allegations in Paragraph 35, except that it denies knowledge or information
sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

36.     Paragraph 36 asserts legal conclusions that do not require a response.  To the
extent that Paragraph 36 contains factual allegations about Heritage that require a response,
Heritage denies the allegations in Paragraph 36, except that it denies knowledge or information
sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

37.     Heritage admits that it sold Glyburide in the United States.  To the extent that
Paragraph 37 contains additional factual allegations about Heritage that require a response,
Heritage denies the allegations in Paragraph 37, except that it denies knowledge or information
sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

38.     Heritage admits that Glyburide is produced by or on behalf of Heritage outside of
the United States.  To the extent that Paragraph 38 contains additional factual allegations about
Heritage that require a response, Heritage denies the allegations in Paragraph 38, except that it
denies knowledge or information sufficient to form a belief as to the truth or falsity of the
allegations concerning other parties.

39.     To the extent that Paragraph 39 asserts legal conclusions, no response is required.
Heritage admits that it sold Glyburide in the United States at times during the putative Class
Period, but denies that class adjudication is proper or that the proposed Class Period is
appropriate.  To the extent that Paragraph 39 contains additional factual allegations about
Heritage that require a response, Heritage denies the allegations in Paragraph 39, except that it

**PUBLIC FILING WITH REDACTIONS**

denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

40.     To the extent that Paragraph 40 asserts legal conclusions, no response is required. To the extent that Paragraph 40 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 40, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

41.     To the extent that Paragraph 41 asserts legal conclusions, no response is required. To the extent that Paragraph 41 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 41, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

42.     To the extent that Paragraph 42 asserts legal conclusions, no response is required. To the extent that Paragraph 42 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 42, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

43.     To the extent that Paragraph 43 asserts legal conclusions, no response is required. To the extent that Paragraph 43 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 43, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**PUBLIC FILING WITH REDACTIONS**

44.     To the extent that Paragraph 44 asserts legal conclusions, no response is required. Heritage admits that generic drugs often provide a lower-cost but bioequivalent alternative to brand drugs, that the Food and Drug Administration ("FDA") requires rigorous testing, and that generics must have the same amount of active ingredient and must be "therapeutically equivalent" to the brand.  Heritage is without knowledge or information sufficient to form a belief as to patients' expectations or the purpose of any relevant law.  Heritage admits the existence of the publication referenced in footnote 8, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 44 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 44, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 44 present a complete, fair, and accurate description of the matters described therein.

45.     To the extent that Paragraph 45 asserts legal conclusions, no response is required. Heritage admits that the Hatch-Waxman Act provides requirements for sellers of generic pharmaceuticals.  Heritage is without knowledge or information sufficient to form a belief as to whether the purpose of the Hatch-Waxman Act was to encourage the production and sale of generic drugs.  To the extent that Paragraph 45 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 45, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 45 present a complete, fair, and accurate description of the matters described therein.

46.     To the extent that Paragraph 46 asserts legal conclusions, no response is required. To the extent that Paragraph 46 purports to characterize federal law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage denies that the allegations contained in Paragraph 46 present a complete, fair, and accurate description of the matters described therein.

47.     To the extent that Paragraph 47 asserts legal conclusions, no response is required. To the extent that Paragraph 47 purports to characterize federal and/or state law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that generic versions of brand-name drugs generally are priced below their brand counterparts.  To the extent that Paragraph 47 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 47, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 47 present a complete, fair, and accurate description of the matters described therein.

48.     To the extent that Paragraph 48 purports to characterize federal law and regulations, Heritage refers to those laws directly, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that a generic pharmaceutical entering into a market in which the branded drug occupies 100% market share is generally priced below the cost of the branded drug and that the prices for generic pharmaceuticals generally decline as additional manufacturers begin selling the same generic pharmaceutical.  Heritage is without knowledge or information sufficient to form a belief as to how branded drugs are priced or to the legislative purpose of the Hatch-Waxman Act.  To the extent that Paragraph 48 purports to

characterize the findings of economic literature that is not cited in the complaint, the publications forming that literature speak for themselves, and Heritage denies knowledge or information sufficient to form a belief as to the truth or falsity of the characterizations in Paragraph 48.  To the extent that Paragraph 48 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 48, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 48 present a complete, fair, and accurate description of the matters described therein.

49.     To the extent that Paragraph 49 asserts legal conclusions, no response is required. Heritage admits that competition among makers of generic pharmaceuticals generally leads to lower prices than would exist absent competition among makers of generic pharmaceuticals.  To the extent that Paragraph 49 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 49, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 49 present a complete, fair, and accurate description of the matters described therein.

50.     To the extent that Paragraph 50 asserts legal conclusions, no response is required. Heritage admits that the Federal Trade Commission published a study referenced in footnote 9, and that the U.S. Congressional Budget Office published a study referenced in footnote 9. Heritage refers to those studies, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that there are several generic pharmaceutical companies that have sold formulations of Glyburide.  To the extent that Paragraph 50 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph

50, except that it denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations concerning other parties, and denies that the allegations contained in

Paragraph 50 present a complete, fair, and accurate description of the matters described therein.

51.    Heritage admits that competition among makers of generic pharmaceuticals

generally enables purchasers to purchase generic versions at a lower price than the branded

version of a pharmaceutical.  Heritage admits that GPhA published a report referenced in

footnote 10, and refers to that report, which speaks for itself, for a complete and accurate account

of its contents.  To the extent that Paragraph 51 contains additional factual allegations about

Heritage that require a response, Heritage denies the allegations in Paragraph 51, except that it

denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning other parties, and denies that the allegations contained in Paragraph 51

present a complete, fair, and accurate description of the matters described therein.

52.    To the extent that Paragraph 52 asserts legal conclusions, no response is required.

To the extent that Paragraph 52 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 52, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties, and denies that the allegations contained in Paragraph 52 present a complete, fair, and

accurate description of the matters described therein.

53.    Heritage admits that reports of Wholesale Acquisition Cost ("WAC") for generic

manufacturers' drugs are made public through third-party services.  To the extent that Paragraph

53 contains additional factual allegations about Heritage that require a response, Heritage denies

the allegations in Paragraph 53, except that it denies knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations concerning other parties, and denies that the

allegations contained in Paragraph 53 present a complete, fair, and accurate description of the matters described therein.

54.     To the extent that Paragraph 54 asserts legal conclusions, no response is required. Heritage admits the existence of the publications referenced in footnotes 12 and 13, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 54 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 54, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 54 present a complete, fair, and accurate description of the matters described therein.

55.     Heritage admits to the existence of the publications referenced in footnotes 14, 15, and 16, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 55 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 55, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 55 present a complete, fair, and accurate description of the matters described therein.

56.     Heritage admits the existence of the publications referenced in footnotes 17 and 18, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 56 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 56, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning other parties, and denies that the allegations contained in Paragraph 56 present a complete, fair, and accurate description of the matters described therein.

57.     To the extent that Paragraph 57 asserts legal conclusions, no response is required. To the extent that Paragraph 57 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 57, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 57 present a complete, fair, and accurate description of the matters described therein.

58.     To the extent that Paragraph 58 asserts legal conclusions, no response is required. Heritage admits the existence of the publications referenced in footnotes 19, 20, and 21, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 58 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 58, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 58 present a complete, fair, and accurate description of the matters described therein.

59.     To the extent that Paragraph 59 asserts legal conclusions, no response is required. To the extent that Paragraph 59 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 59, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 59 present a complete, fair, and accurate description of the matters described therein.

60.     To the extent that Paragraph 60 asserts legal conclusions, no response is required. To the extent that Paragraph 60 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 60, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 60 present a complete, fair, and accurate description of the matters described therein.

61.     To the extent that Paragraph 61 asserts legal conclusions, no response is required. Heritage denies that it entered into a conspiracy with Defendants.  Heritage admits that certain Heritage employees communicated with certain employees of Teva, Aurobindo, and Citron regarding pricing strategies for Glyburide at the direction of Glazer and Malek.  To the extent that Paragraph 61 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 61, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 61 present a complete, fair, and accurate description of the matters described therein.

62.     To the extent that Paragraph 62 asserts legal conclusions, no response is required. To the extent that Paragraph 62 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 62, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 62 present a complete, fair, and accurate description of the matters described therein.

63.     To the extent that Paragraph 63 asserts legal conclusions, no response is required. To the extent that Paragraph 63 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 63, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties, and denies that the allegations contained in Paragraph 63 present a complete, fair, and

accurate description of the matters described therein.

64.     To the extent that Paragraph 64 asserts legal conclusions, no response is required.

Heritage admits the existence of the publications referenced in footnotes 23 and 24, and refers to

those publications, which speak for themselves, for a complete and accurate account of their

contents.  To the extent that Paragraph 64 contains factual allegations about Heritage that require

a response, Heritage denies the allegations in Paragraph 64, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties, and denies that the allegations contained in Paragraph 64 present a complete, fair, and

accurate description of the matters described therein.

65.     To the extent that Paragraph 65 asserts legal conclusions, no response is required.

Heritage admits that it or certain of its employees have been members of certain trade

associations and attended certain of their events.  Heritage denies the remaining allegations in

Paragraph 65, except that it denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations concerning other parties, and denies that the allegations

contained in Paragraph 65 present a complete, fair, and accurate description of the matters

described therein.

66.     Heritage admits that GPhA is now called the Association for Accessible

Medicines.  Heritage admits the existence of the website cited in footnote 25, and refers to that

website, which speaks for itself, for a complete and accurate account of its contents.  Heritage

denies the remaining factual allegations in Paragraph 66, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

67.     Heritage admits the existence of the website cited in footnote 26, and refers to that website, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 67 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 67, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

68.     Heritage admits that it was a member of GPhA during the putative Class Period. Heritage admits the existence of the website cited in footnote 27, and refers to that website, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 68 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 68, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

69.     Heritage admits that Glazer served on GPhA's Board of Directors at some point during the putative Class Period when he was employed by Heritage.  To the extent that Paragraph 69 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 69, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

a.     Heritage admits that Glazer served on GPhA's Board of Directors and was Heritage's President & CEO in 2012.  To the extent that Paragraph 69(a) contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 69(a), except that it

denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations concerning other parties.

b.      Heritage admits that Glazer served on GPhA's Board of Directors and was
Heritage's President & CEO in 2013.  To the extent that Paragraph 69(b)
contains additional factual allegations about Heritage that require a
response, Heritage denies the allegations in Paragraph 69(b), except that it
denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations concerning other parties.

70.     Heritage admits that the NACDS is the National Association of Chain Drug
Stores and that it holds industry events, including annual and regional conferences, that certain
Heritage employees have attended.  To the extent that Paragraph 70 contains additional factual
allegations about Heritage that require a response, Heritage denies the allegations in Paragraph
70, except that it denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations concerning other parties.

71.     Heritage admits that HDMA, which was the Healthcare Distribution Management
Association, is now called HDA, which is the Healthcare Distribution Alliance.  Heritage admits
the existence of the website cited in footnote 28, and refers to that website, which speaks for
itself, for a complete and accurate account of its contents.  Heritage admits that it was a member
of HDMA during the putative Class Period.  To the extent that Paragraph 71 contains additional
factual allegations about Heritage that require a response, Heritage denies the allegations in
Paragraph 71, except that it denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations concerning other parties.

**PUBLIC FILING WITH REDACTIONS**

72.     Heritage admits that MMCAP's website states that it is a "free, voluntary group purchasing organization for government facilities that provide healthcare services.  MMCAP has been delivering pharmacy and healthcare value to members since 1985.  MMCAP's membership extends across nearly every state in the nation, delivering volume buying power.  Members receive access to a full range of pharmaceuticals and other healthcare products and service; such as, medical supplies, influenza vaccine, dental supplies, drug testing, wholesaler invoice auditing, and returned goods processing."  Heritage refers to MMCAP's website, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 72 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 72, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

73.     Heritage refers to MMCAP's Charter, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 73 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 73, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

74.     Heritage admits that ECRM's website states that it conducts Efficient Program Planning Sessions that are made up of one-on-one strategic meetings that connect decision makers in an effort to maximize time, grow sales, and uncover industry trends, and Heritage refers to ECRM's website, which speaks for itself, for a complete and accurate account of its contents.

75.     Heritage admits that ECRM's website, which speaks for itself, references opportunities available at ECRM annual meetings, and refers to the website for a complete and

accurate account of its contents.  To the extent that Paragraph 75 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 75, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

76.     ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

77.     Heritage admits that certain meetings and events hosted by the GPhA, HDMA, NACDS, MMCAP, and ECRM occurred during the putative Class Period, that certain Heritage employees attended some of those meetings and events, and that two (now former) Heritage employees—Glazer and Malek—had price-setting authority for Heritage.  To the extent that Paragraph 77 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 77, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

78.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2012.  To the extent that Paragraph 78 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 78, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

79.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Orlando, FL in February 2013.  To the extent that Paragraph 79 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in

**PUBLIC FILING WITH REDACTIONS**

Paragraph 79, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

80.  ████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

81.    Heritage admits that at least one employee of Heritage attended the NACDS meeting in Palm Beach, FL in April 2013.  To the extent that Paragraph 81 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 81, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

82.    Heritage admits that at least one employee of Heritage attended the HDMA meeting in Orlando, FL in June 2013.  To the extent that Paragraph 82 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 82, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

83.    Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in June 2013.  To the extent that Paragraph 83 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 83, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**PUBLIC FILING WITH REDACTIONS**

84.     Heritage admits that at least one employee of Heritage attended the NACDS meeting in Las Vegas, NV in August 2013.  To the extent that Paragraph 84 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 84, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

85.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2013.  To the extent that Paragraph 85 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 85, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

86.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Orlando, FL in February 2014.  To the extent that Paragraph 86 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 86, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

87.     ██████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████

88.     Heritage admits that at least one employee of Heritage attended the NACDS meeting in Scottsdale, AZ in April 2014.  To the extent that Paragraph 88 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in

Paragraph 88, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

89.     To the extent that Paragraph 89 asserts legal conclusions, no response is required. Heritage admits that, at the May 12-15, 2014 MMCAP National Member Conference, a Heritage employee met in person and discussed pricing strategies for certain unspecified drugs with certain competitors.  Heritage admits that a Heritage employee believed that an agreement was reached with one competitor related to pricing strategies for Glyburide.  To the extent that Paragraph 89 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 89, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

90.     Heritage admits that Heritage employee Anne Sather attended the MMCAP meeting in May 2014, but denies that Sather was a key executive for generic drug pricing.  To the extent that Paragraph 90 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 90, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

91.     Heritage admits that at least one employee of Heritage attended the HDMA meeting in Phoenix, AZ in June 2014.  To the extent that Paragraph 91 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 91, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

92.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in June 2014.  To the extent that Paragraph 92 contains additional

factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 92, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

93.     Heritage admits that at least one employee of Heritage attended the NACDS Total Store Expo in Boston, MA in August 2014.  To the extent that Paragraph 93 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 93, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

94.     Heritage admits that at least one employee of Heritage attended the GPhA meeting in Bethesda, MD in October 2014.  To the extent that Paragraph 94 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 94, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

95.     Heritage admits that at least one employee of Heritage attended the February 2015 GPhA Annual Meeting in Miami, Florida; ███████████████████████████████; the April 2015 NACDS Annual Meeting in Palm Beach, Florida; the June 2015 GPhA meeting in Bethesda, Maryland; the August 2015 NACDS Total Store Expo in Denver, Colorado; the November 2015 GPhA meeting in Bethesda, Maryland; an April 2016 NACDS meeting; the June 2016 HDMA BLC in Colorado Springs, Colorado; and the August 2016 NACDS 2016 Total Store Expo in Boston, Massachusetts.  Heritage is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 95 and, on that basis, denies those allegations.

96.     To the extent that Paragraph 96 asserts legal conclusions, no response is required. Heritage admits that certain State Attorneys General filed a complaint against Heritage and other defendants, which is referenced in footnote 29, and refers to that complaint, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that certain Heritage employees, at certain conferences and trade shows, discussed their respective businesses and customers with representatives from certain other Defendants, including pricing strategies. Heritage admits that certain Heritage employees attended social events that accompanied certain conferences and trade shows.  To the extent that Paragraph 96 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 96, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 96 present a complete, fair, and accurate description of the matters described therein.

97.     Heritage admits that certain State Attorneys General filed a complaint naming Heritage referenced in footnote 30, and refers to that complaint, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that meetings at conferences and trade shows allowed representatives of certain generic drug manufacturers an opportunity to interact, including attendance at certain social gatherings that allowed for face-to-face meetings. To the extent that Paragraph 97 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 97, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 97 present a complete, fair, and accurate description of the matters described therein.

**PUBLIC FILING WITH REDACTIONS**

98.     To the extent that Paragraph 98 asserts legal conclusions, no response is required. Heritage admits that it is headquartered in New Jersey.  To the extent that Paragraph 98 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 98, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 98 present a complete, fair, and accurate description of the matters described therein.

99.     To the extent that Paragraph 99 asserts legal conclusions, no response is required. Heritage admits that at least one of its employees or former employees attended gatherings where women who worked in the industry would interact with one another, but denies that Heritage employees discussed competitively sensitive information during these gatherings.  To the extent that Paragraph 99 asserts additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 99, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 99 present a complete, fair, and accurate description of the matters described therein.

100.     To the extent that Paragraph 100 asserts legal conclusions, no response is required.  To the extent that Paragraph 100 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 100, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 100 present a complete, fair, and accurate description of the matters described therein.

101.    To the extent that Paragraph 101 asserts legal conclusions, no response is required.  To the extent that Paragraph 101 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 101, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 101 present a complete, fair, and accurate description of the matters described therein.

102.    To the extent that Paragraph 102 asserts legal conclusions, no response is required.  To the extent that Paragraph 102 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 102, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 102 present a complete, fair, and accurate description of the matters described therein.

103.    Heritage admits that certain Heritage employees discussed pricing of Glyburide with certain employees of Teva, Aurobindo, and Citron at the direction of Glazer and Malek.  To the extent that Paragraph 103 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 103, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

104.    Heritage admits that on April 22, 2014, Malek hosted a call with certain Heritage employees to discuss pricing strategies concerning certain drugs, including Glyburide.  Heritage admits that during the call, Malek discussed coordination with certain competitors concerning certain generic drugs.  Heritage admits that, in April 2014, Aurobindo and Teva were the only other companies selling generic Glyburide, of which Heritage was aware.  To the extent that

**PUBLIC FILING WITH REDACTIONS**

Paragraph 104 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 104.

105.    Heritage admits that after the April 22, 2014 call, Malek instructed a Heritage employee to contact Aurobindo regarding pricing for Glyburide.  To the extent that Paragraph 105 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 105.

106.    Heritage admits that Malek told certain Heritage employees that he discussed pricing for certain generic drugs, including Glyburide, with Teva.  Heritage admits that Teva sold certain generic drugs that Heritage also sold, including Glyburide.  Heritage admits that Malek told certain Heritage employees that he believed that Teva would raise prices for Glyburide and certain other generic drugs.  To the extent that Paragraph 106 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 106.

107.    Heritage admits that Glazer and Malek sent emails to certain Heritage employees concerning communications with employees of certain generic pharmaceutical companies regarding certain generic drugs, including Glyburide.  Heritage admits that Malek sent an email to a Heritage employee on April 28, 2014 concerning contacts with Aurobindo.  Heritage admits that Glazer sent an email on April 29, 2014, to that same Heritage employee requesting further information concerning contacts with Aurobindo.  Heritage admits that Malek sent an email on April 30, 2014, to certain Heritage employees regarding contacts with Aurobindo.  To the extent that Paragraph 107 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 107.

108.    Heritage denies the allegations in Paragraph 108.

109.    Heritage admits that, at the May 12-15, 2014 MMCAP National Member
Conference, a Heritage employee met in person and discussed pricing strategies for certain
unspecified drugs with certain competitors, including Aurobindo.  Heritage admits that a
Heritage employee believed that an agreement was reached with an employee at Aurobindo
related to pricing strategies for Glyburide.  Heritage admits that on May 15, 2014, the same
Heritage employee sent an email to Malek and other Heritage employees concerning pricing
strategies of other competitors, including Aurobindo.  To the extent that Paragraph 109 contains
additional factual allegations about Heritage that require a response, Heritage denies the
allegations in Paragraph 109.

110.    Heritage admits that, on June 23, 2014, during a telephone call, certain Heritage
employees discussed pricing regarding certain generic drugs, including Glyburide.  Heritage
admits that Malek projected an increase to Glyburide prices by 200%.  To the extent that
Paragraph 110 contains additional factual allegations about Heritage that require a response,
Heritage denies the allegations in Paragraph 110.

111.    Heritage admits that after the June 23, 2014 telephone call, at least one Heritage
employee communicated with at least one employee from another generic pharmaceutical
company concerning pricing strategies regarding Glyburide.  To the extent that Paragraph 111
contains additional factual allegations about Heritage that require a response, Heritage denies the
allegations in Paragraph 111.

112.    Heritage admits that on June 25, 2014, a Heritage employee contacted an
employee of Citron regarding Citron's plans to begin selling Glyburide.  Heritage admits that on
and/or after June 25, 2014, certain Heritage employees and certain Citron employees
communicated concerning pricing strategies regarding Glyburide.  To the extent that Paragraph

112 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 112, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

113.    Heritage admits that on June 24, 2014, Malek sent an email to certain Heritage employees concerning communicating with competitors regarding strategy.  To the extent that Paragraph 113 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 113.

114.    To the extent that Paragraph 114 asserts legal conclusions, no response is required.  Heritage admits that Plaintiffs intend to offer these as examples of Defendants' alleged anticompetitive conduct.  To the extent that Paragraph 114 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 114.

115.    Heritage admits that Heritage employees at times used communication methods other than email or other forms of written communication.  Heritage admits that a Heritage employee communicated via text message with a Citron employee regarding pricing strategies for Glyburide.  Heritage admits that, after this text message exchange, a different Citron employee told a different Heritage employee that a Heritage employee should not communicate with Citron through email and instead should contact a designated person at Citron.  To the extent that Paragraph 115 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 115.

116.    Heritage admits the existence of the correspondence referenced in Paragraph 116 and refers to that correspondence, which speaks for itself, for a complete and accurate account of its contents.  Heritage is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations concerning other parties and, on that basis, denies the remaining allegations.

117.     Heritage admits that in October 2014, Senator Bernie Sanders and Representative Elijah E. Cummings wrote to generic drug companies requesting information about prices of generic drugs, as identified on the website cited in footnote 31.  Heritage refers to that correspondence, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 117 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 117, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

118.     Heritage admits the existence of the publication referenced in footnote 32, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 118 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 118, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

119.     Heritage admits the existence of the publications referenced in footnotes 33 and 34, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 119 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 119, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

120. Heritage is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 120 and, on that basis, denies those allegations.

121. To the extent that Paragraph 121 asserts legal conclusions, no response is required. Heritage admits that on January 9, 2017, Glazer and Malek each pleaded guilty to two felony charges, including one concerning Glyburide, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents. Heritage admits the existence of the publications referenced in footnotes 35 and 36, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents. To the extent that Paragraph 121 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 121, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

122. To the extent that Paragraph 122 asserts legal conclusions, no response is required. Heritage admits that DOJ is conducting an investigation regarding potential antitrust misconduct in the generic pharmaceutical industry, and Heritage is involved in the investigation. To the extent that Paragraph 122 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 122, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

123. Heritage admits the existence of the filing made by Aceto with the United States Securities and Exchange Commission ("SEC") referenced in footnotes 37 and 38, and refers to that document, which speaks for itself, for a complete and accurate account of its contents. To the extent that Paragraph 123 contains factual allegations about Heritage that require a response,

Heritage denies the allegations in Paragraph 123, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

124.    Heritage admits the existence of the filing made by Teva with the SEC referenced in footnotes 39 and 40, and refers to that document, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 124 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 124, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

125.    To the extent that Paragraph 125 asserts legal conclusions, no response is required.  Heritage admits that it has received subpoenas from DOJ and State Attorneys General. To the extent that Paragraph 125 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 125, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

126.    Paragraph 126 asserts legal conclusions that do not require a response.  Heritage admits the existence of the publication referenced in footnotes 41, 42, 43, and 44, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.

127.    Paragraph 127 asserts legal conclusions that do not require a response.

128.    Paragraph 128 asserts legal conclusions that do not require a response.  Heritage admits the existence of the publication referenced in footnote 45 and in Paragraph 128, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.

129.    Heritage admits that criminal charges against Glazer and Malek were filed by DOJ on December 12, 2016, and December 13, 2016, respectively, concerning Glyburide and

**PUBLIC FILING WITH REDACTIONS**

Doxycycline hyclate.  To the extent that Paragraph 129 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 129, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

130.    Heritage admits that DOJ filed criminal informations against former Heritage executives Jeffrey Glazer and Jason Malek on December 12, 2016 and December 13, 2016, respectively, in the United States District Court for the Eastern District of Pennsylvania, and Heritage refers to the text of those documents, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that on January 9, 2017, Glazer and Malek each pleaded guilty to two felony charges concerning Doxycycline hyclate and Glyburide, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents.  Heritage admits that sentencing for both Glazer and Malek was originally set for April 2017, but the sentencing has been rescheduled.  To the extent that Paragraph 130 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 130, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

131.    To the extent that Paragraph 131 asserts legal conclusions, no response is required.  Heritage admits that DOJ has intervened in this multidistrict litigation and in a civil antitrust action related to generic propranolol that has subsequently been consolidated into MDL 2724.  Heritage admits the existence of the publications referenced in footnotes 47, 48, and 49, and refers to those publications, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 131 contains factual allegations about Heritage

**PUBLIC FILING WITH REDACTIONS**

that require a response, Heritage denies the allegations in Paragraph 131, except that it denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

concerning other parties.

132.    To the extent that Paragraph 132 asserts legal conclusions, no response is

required.  Heritage admits the existence of the publication referenced in footnote 50, and refers

to that publication, which speaks for itself, for a complete and accurate account of its contents.

To the extent that Paragraph 132 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 132, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.

133.    To the extent that Paragraph 133 asserts legal conclusions, no response is

required.  Heritage admits that Heritage and other defendants were sued by the state attorneys

general, and refers to the complaint filed in that action, which speaks for itself, for a complete

and accurate account of its contents.  Heritage admits the existence of the publication referenced

in footnotes 51 and 52, and refers to that publication, which speaks for itself, for a complete and

accurate account of its contents.  To the extent that Paragraph 133 contains factual allegations

about Heritage that require a response, Heritage denies the allegations in Paragraph 133, except

that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations concerning other parties.

134.    To the extent that Paragraph 134 asserts legal conclusions, no response is

required.  Heritage admits the existence of the press release referenced in footnote 94, and refers

to that press release, which speaks for itself, for a complete and accurate account of its contents.

To the extent that Paragraph 134 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 134, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

135.    To the extent that Paragraph 135 asserts legal conclusions, no response is required.  Heritage admits the existence of the legal filing referenced in footnote 54, and refers to that filing, which speaks for itself, for a complete and accurate account of its contents.  Heritage admits that it has been reported that Glazer and Malek entered into settlement agreements with the state attorneys general, and Heritage refers to those documents, which would speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 135 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations of Paragraph 135, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

136.    To the extent that Paragraph 136 asserts legal conclusions, no response is required.  Heritage admits the existence of the press release referenced in footnote 55, and refers to that press release, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 136 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 136, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

137.    To the extent that Paragraph 137 asserts legal conclusions, no response is required.  Heritage admits the existence of the publication referenced in footnote 56, and refers to that publication, which speaks for itself, for a complete and accurate account of its contents.  To the extent that Paragraph 137 contains factual allegations about Heritage that require a

response, Heritage denies the allegations in Paragraph 137, except that it denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations concerning other

parties.

138.     Heritage admits that the State Attorneys General and DOJ have acknowledged

that their investigations are ongoing.

139.     To the extent that Paragraph 139 asserts legal conclusions, no response is

required.  To the extent that Paragraph 139 contains factual allegations about Heritage that

require a response, Heritage denies the allegations in Paragraph 139, except that it denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

concerning other parties, and denies that the allegations contained in Paragraph 139 present a

complete, fair, and accurate description of the matters described therein.

140.     To the extent that Paragraph 140 asserts legal conclusions, no response is

required.  Heritage admits that developing generic pharmaceuticals involves costs, including the

ANDA-approval process.  Heritage admits that it participates in trade associations and attends

events sponsored by trade associations.  To the extent that Paragraph 140 contains additional

factual allegations about Heritage that require a response, Heritage denies the allegations in

Paragraph 140, except that it denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations concerning other parties, and denies that the allegations

contained in Paragraph 140 present a complete, fair, and accurate description of the matters

described therein.

141.     Paragraph 141 asserts legal conclusions that do not require a response.  To the

extent that Paragraph 141 contains factual allegations about Heritage that require a response,

Heritage denies the allegations in Paragraph 141, except that it denies knowledge or information

**PUBLIC FILING WITH REDACTIONS**

sufficient to form a belief as to the truth or falsity of the allegations concerning other parties, and denies that the allegations contained in Paragraph 141 present a complete, fair, and accurate description of the matters described therein.

142.    Paragraph 142 asserts legal conclusions that do not require a response.  Heritage admits that plaintiffs purport to bring this action on behalf of a class but deny that class certification is appropriate.

143.    Paragraph 143 asserts legal conclusions that do not require a response.  To the extent Paragraph 143 contains factual allegations requiring a response, Heritage denies the allegations.

144.    Paragraph 144 asserts legal conclusions that do not require a response.  To the extent Paragraph 144 contains factual allegations requiring a response, Heritage denies the allegations.

145.    Paragraph 145 asserts legal conclusions that do not require a response.  To the extent Paragraph 145 contains factual allegations requiring a response, Heritage denies the allegations.

146.    Paragraph 146 asserts legal conclusions that do not require a response.  To the extent Paragraph 146 contains factual allegations requiring a response, Heritage denies the allegations.

147.    Paragraph 147 asserts legal conclusions that do not require a response.  To the extent Paragraph 147 contains factual allegations requiring a response, Heritage denies the allegations.

**PUBLIC FILING WITH REDACTIONS**

148.     Paragraph 148 asserts legal conclusions that do not require a response.  To the extent Paragraph 148 contains factual allegations requiring a response, Heritage denies the allegations.

149.     Paragraph 149 asserts legal conclusions that do not require a response.  To the extent Paragraph 149 contains factual allegations requiring a response, Heritage denies the allegations.

150.     Paragraph 150 asserts legal conclusions that do not require a response.  To the extent Paragraph 150 contains factual allegations requiring a response, Heritage lacks sufficient information to confirm or deny the allegations.

151.     To the extent that Paragraph 151 asserts legal conclusions, no response is required.  Heritage admits that it sold Glyburide to at least one of the named Plaintiffs during the putative Class Period.  To the extent that Paragraph 151 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 151, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

152.     Paragraph 152 asserts legal conclusions that do not require a response.  To the extent that Paragraph 152 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 152, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

153.     Paragraph 153 asserts legal conclusions that do not require a response.  To the extent that Paragraph 153 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 153, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

**PUBLIC FILING WITH REDACTIONS**

154.     Paragraph 154 asserts legal conclusions that do not require a response.  To the extent that Paragraph 154 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 154, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

155.     Heritage incorporates by reference the preceding paragraphs of this Answer in response to the allegations in Paragraph 155.

156.     To the extent that Paragraph 156 asserts legal conclusions, no response is required.  Heritage admits that former Heritage executives Jeffrey Glazer and Jason Malek each pleaded guilty to two felony charges concerning Doxycycline hyclate and Glyburide, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents.  To the extent Paragraph 156 contains additional factual allegations about Heritage requiring a response, Heritage denies the allegations in Paragraph 156, except that it denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

157.     To the extent that Paragraph 157 asserts legal conclusions, no response is required.  Heritage admits that former Heritage executives Jeffrey Glazer and Jason Malek each pleaded guilty to two felony charges concerning Doxycycline hyclate and Glyburide, and Heritage refers to the text of their plea agreements and the transcripts of the proceeding at which their guilty pleas were entered, which speak for themselves, for a complete and accurate account of their contents.  To the extent that Paragraph 157 contains additional factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 157, except that it

denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

158.     To the extent that Paragraph 158 asserts legal conclusions, no response is required.  To the extent that Paragraph 158 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 158, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

159.     To the extent that Paragraph 159 asserts legal conclusions, no response is required.  To the extent that Paragraph 159 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 159, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

160.     To the extent that Paragraph 160 asserts legal conclusions, no response is required.  To the extent that Paragraph 160 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 160, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

161.     Paragraph 161 asserts legal conclusions that do not require a response.

162.     Paragraph 162 asserts legal conclusions that do not require a response.  To the extent that Paragraph 162 contains factual allegations about Heritage that require a response, Heritage denies the allegations in Paragraph 162, except that it denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

163.    Paragraph 163 asserts legal conclusions that do not require a response.  To the extent Paragraph 163 contains factual allegations requiring a response, Heritage denies the allegations.

The "Wherefore" clause and Prayer for Relief in the Complaint do not require a response.  To the extent a response is required, Heritage denies the allegations and denies that Plaintiffs are entitled to any relief on any of the claims asserted in the Complaint.

## SEPARATE AND ADDITIONAL DEFENSES

Without assuming any burden of any matter not required by law, Heritage asserts the following affirmative and other defenses, notwithstanding any other order of this Court.  These defenses are pleaded in the alternative, and none constitutes an admission that Heritage is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, Heritage asserts:

### First Defense

Plaintiffs' claims, and claims of any putative class members, are barred because the Complaint fails to set forth facts sufficient to state a claim for relief against Heritage.

### Second Defense

Plaintiffs, and any putative class members, have not sustained any injury or damage as a result of any actions allegedly taken by Heritage, and are thus barred from asserting any claims against Heritage.

### Third Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

### Fourth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the alleged conduct of Heritage was not a proximate cause of the loss or damage, if any, to Plaintiffs.

### Fifth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, to the extent any damages suffered by them were proximately caused, in whole or in part, by third parties that are neither agents nor employees of Heritage and are not under the control of Heritage.

### Sixth Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, to the extent they have failed to mitigate their damages, if any.

### Seventh Defense

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the alleged damages, if any, are impermissibly remote and speculative and because of the impossibility of ascertaining and allocating the alleged damages.  Heritage asserts this defense in the alternative, to the extent that the Court holds that the issue is properly a matter for affirmative defense rather than part of Plaintiffs' case.

### Eighth Defense

The Complaint and each purported cause of action contained therein are barred, in whole or in part, because Plaintiffs', and any putative class members', damages, if any, were caused by independent, intervening, and/or superseding events not challenged by the Complaint, including but not limited to lawful conduct by Heritage.

<u>Ninth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs lack antitrust standing.

<u>Tenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, by the applicable statute of limitations.

<u>Eleventh Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Heritage owed no duty to Plaintiffs.

<u>Twelfth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, by Plaintiffs' own negligence or culpable conduct.

<u>Thirteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in part, because certain conduct of Heritage was reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

<u>Fourteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in part, because certain of Heritage's actions have not unreasonably restrained trade or tended to destroy competition in any relevant market and because those actions were made in good faith to meet competition.

<u>Fifteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because they have failed to join indispensable parties.

<u>Sixteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because the relief sought would result in Plaintiffs' unjust enrichment.

<u>Seventeenth Defense</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs impermissibly seek to recover damages on behalf of putative class members who suffered no harm.

<u>Eighteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because any claimed injury or damage has been offset by benefits or payments Plaintiffs received.

<u>Nineteenth Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because Plaintiffs are prohibited from receiving multiple recoveries or relief for the same alleged injury.

<u>Twentieth Defense</u>

Plaintiffs' and any putative class members' request for attorneys' fees is inappropriate as a matter of law and based on the facts of this case.

<u>Twenty-First Defense</u>

Plaintiffs' claims, and claims of any putative class members, are barred, in whole or in part, because they subject Heritage to the risk of unfair, excessive, multiple, or inconsistent obligations and deprive Heritage of due process of law.

<u>Twenty-Second Defense</u>

Plaintiffs' claims, and claims of any putative class members, on behalf of a purported class are barred because Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the

Federal Rules of Civil Procedure to maintain this action as a class action, including because there are not sufficient questions of law or fact that are common to the purported class.

### Twenty-Third Defense

Heritage has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  Heritage has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter.  Heritage further reserves the right to amend its Answer and/or Affirmative Defenses accordingly and/or to withdraw Affirmative Defenses that it determines are not applicable during the course of subsequent discovery.

### Twenty-Fourth Defense

To the extent applicable, Heritage hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any other Defendant in this action and any other statutory defenses available to it.  Heritage reserves the right to amend this Answer to add, delete, modify or raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein based upon legal theories that may be or will be divulged through discovery or through further legal analysis of Plaintiffs' position(s) in this litigation.

### Twenty-Fifth Defense

To the extent applicable, Heritage intends to assert any rights that may accrue to it under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

### PRAYER FOR RELIEF

WHEREFORE, Heritage denies that it is liable to Plaintiffs for any amount and prays as follows:

1.      That the Court dismiss the Complaint against Heritage with prejudice;

2.      That the Court enter judgment in favor of Heritage;

3.      That this Court award Heritage its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

4.      That this Court grant Heritage such other and/or further relief as this Court may deem just and proper.


Dated: March 15, 2019                              GIBSON, DUNN & CRUTCHER LLP

                                                   */s/ D. Jarrett Arp*
                                                   D. Jarrett Arp
                                                   Melanie L. Katsur
                                                   Christopher B. Leach
                                                   GIBSON, DUNN & CRUTCHER LLP
                                                   1050 Connecticut Ave., NW
                                                   Washington, DC  20036-5306
                                                   Tel: (202) 955-8500
                                                   Fax: (202) 467-0539
                                                   jarp@gibsondunn.com
                                                   mkatsur@gibsondunn.com
                                                   cleach@gibsondunn.com

                                                   Eric J. Stock
                                                   Indraneel Sur
                                                   200 Park Avenue
                                                   New York, New York  10166
                                                   Tel: (212) 351-4000
                                                   Fax: (212) 716-0801
                                                   estock@gibsondunn.com
                                                   isur@gibsondunn.com

                                                   *Attorneys for Defendant*
                                                   *Heritage Pharmaceuticals Inc.*

**PUBLIC FILING WITH REDACTIONS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2019, I caused the foregoing Answer of

Defendant Heritage Pharmaceuticals Inc.to the Consolidated Direct Purchaser Class Action

Complaint to be served on the attorneys of record in this case by filing the same electronically

with the Court's ECF system, and by sending an unredacted copy via email to counsel of record.


Dated:   March 15, 2019


        _*D. Jarrett Arp*_____
                D. Jarrett Arp